# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
FILED: March 12, 2020

```
* * * * * * * * * * * * *
KIARA S. MASSEY,                    *       UNPUBLISHED
                                    *
            Petitioner,             *       No. 18-541V
                                    *
v.                                  *       Special Master Gowen
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *       Attorneys' Fees and Costs;
                                    *       Joint Stipulation of Dismissal
            Respondent.             *
                                    *
* * * * * * * * * * * * *
```

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for petitioner.
*Mollie Danielle Gorney*, Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 1, 2019, Kiara Massey ("petitioner"), filed a motion for attorneys' fees and costs.  Petitioner's Motion For Attorneys' Fees ("Fees. App.") (ECF No. 26).  For the reasons discussed below, I **GRANT**, petitioner's motion for attorneys' fees and costs and award a total of $15,260.75.

### I.      Procedural History

On April 13, 2018, Kiara Massey ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  Petitioner alleged as a result of the hepatitis vaccine she received on June 1, 2017, she developed injuries including polyarthralgia.  Petition at ¶ 4,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

9.  On August 30, 2019, petitioner filed a joint stipulation of dismissal. ECF No. 23.  The undersigned granted petitioner's motion and petitioner's claim was dismissed without prejudice.  Order (ECF 24).

On November 1, 2019, petitioner filed an application for attorneys' fees and costs.  Fees. App.  Petitioner requests a total attorneys' fees and costs in the amount of $15,260.75 (representing $11,322.00 in attorneys' fees and $3938.75 in costs).  Fees App. at ¶ 1. Respondent responded to the motion on November 4, 2019 stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response ("Resp. Response") at 3. (ECF No. 27).

This matter is now ripe for adjudication.

## I.      Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation.  *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n.1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).  Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

## II.     Analysis

I find no reason to doubt the good faith and reasonable basis for which the claim was brought.  Petitioner asserted that she suffered polyarthralgia and other injuries as a result of receiving the hepatitis vaccine. Petition at ¶ 4, 9. On June 13, 2017, a few weeks after receiving the hepatitis vaccine, petitioner visited the Cape Fear Valley Medical Center complaining of

persistent right arm and wrist pain.  *Id*. at 4.  However, Petitioner notified her counsel that she wished to withdraw from the program and confirmed that she did not wish to pursue a separate legal action. A joint stipulation was filed on August 8, 2019.  (ECF No. 23). The case was dismissed without prejudice.  (ECF No. 24).

Although it appeared unlikely that petitioner would be entitled to recovery after a careful review of the case, including the medical records and expert reports filed, I find that petitioner initially had evidence of a medical condition that could be caused by vaccination.  Additionally, by dismissing the claim after a review of the facts at the status conference, the amount of fees and costs were limited.  Accordingly, I find that petitioner should be awarded reasonable attorneys' fees and costs.

## III.   Reasonable Attorneys' Fees and Costs

### A.  Hourly Rate

Petitioner requests compensation for her attorney, Ms. Nancy Meyers.  Pet. Fees App. at 1.  Petitioner requests Ms. Meyers be compensated with $375 per hour for work done in 2018 and $390 per hour for work done in 2019.  (ECF No. 26).

Ms. Meyers has been awarded these attorney rates by other special masters in the Vaccine Program.  *See Murphy v. Sec'y of Health & Human Servs.*, No. 11-266, 2014 WL 5281045 (Fed. Ct. Spec. Mstr. Sept. 19, 2014).  As a result, I find the requested attorney rates to be reasonable and will award those hourly rates in full.

### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant or otherwise unnecessary.  *See Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993).  As the Secretary did specifically object to the number of hours petitioner requests, I have reviewed the fee application for its reasonableness.  *See McIntosh v. Sec'y of Health & Human Servs.,* 139 Fed. Cl. 238 (2018).  A line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended.  *Wasson*, 24 Cl. Ct. at 484.  Petitioner requests a total of $11,322.00 in attorneys' fees for work performed by Ms. Meyers.  Given that petitioner's counsel filed a joint stipulation of dismissal and did so in a timely manner, I find that the hours billed are reasonable and no reductions are necessary.  **Accordingly, petitioner is awarded attorneys' fees in the amount of $11,322.00.**

### C.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total of $3,938.75 in costs.  This request includes the cost of filing the petition, obtaining medical records, and retaining an expert, Dr. Eric Gershwin. Pet. Fees App., Tab 2 & 3.  Dr. Eric

Gershwin performed seven hours of work at $500.00 per hour.  Fees App., Tab 3.  Dr. Gershwin has been compensated at this rate before, therefore, I find this amount requested reasonable.

These costs are typical of the expenses in the Vaccine Program.  Additionally, counsel provided receipts and invoices related to these costs.  **Accordingly, petitioner is awarded attorneys' costs in the amount of $3,938.75.**

### IV.   Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED. Accordingly, I will award the following:**

1) **A lump sum in the amount of $15,260.75, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Nancy Meyers.**

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).